FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERTO L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:19-CV-03250-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 15. Attorney D. James Tree represents Roberto L. (Plaintiff); Special Assistant United States Attorney Joseph Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on April 18, 2016, alleging disability since November 1, 2015, due to schizoaffective disorder, PTSD, and bipolar disorder. Tr. 50-51. The application was denied initially and upon reconsideration. Tr. 77-87, 88-92. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on August 13, 2018, Tr. 30-48, and issued an unfavorable decision on October 16, 2018, Tr. 16-23. Plaintiff requested review by the Appeals Council. Tr. 157-58. The Appeals Council denied the request for review on September 10, 2019. Tr. 2-6. The ALJ's October 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 18, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1989 and was 26 years old as of the alleged onset date. Tr. 50. Due to gang involvement, he did not attend high school and did not complete a GED. Tr. 317. He has worked as a box maker and warehouse laborer. Tr. 204. He has a history of marijuana and methamphetamine use, and has been sober from all substances since February 2017. Tr. 35, 40.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 16, 2018 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date of November 1, 2015, through the date last insured of June 30, 2018. Tr. 18.

At step two, the ALJ found Plaintiff's only medically determinable impairment was polysubstance use disorder in remission, and that Plaintiff did not have a severe impairment or combination of impairments. Tr. 18-22.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured of June 30, 2018. Tr. 22.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in denying the claim at step two because (1) the objective evidence established severe medically determinable impairments; (2) the ALJ improperly assessed the medical opinion evidence; and (3) the ALJ improperly assessed Plaintiff's symptom testimony.

**DISCUSSION**

**1.     No medically determinable severe impairments**

Plaintiff argues the ALJ improperly found Plaintiff to have no severe medically determinable impairments. He argues the ALJ unduly relied on the testimony of Dr. Valette, the medical expert at the hearing, which was inconsistent with the objective evidence and the rest of the opinion evidence finding Plaintiff to have severe mental health impairments. ECF No. 13 at 4-18. Defendant argues the ALJ reasonably relied on the medical expert, and that substantial evidence supports her testimony and the ALJ's rejection of the other opinions. ECF No. 15 at

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20

1  C.F.R. § 404.1520(a)(ii). The impairment "must result from anatomical,
2  physiological, or psychological abnormalities that can be shown by medically
3  acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521.
4  An impairment is "not severe" if it does not "significantly limit" the ability to
5  conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are
6  "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An
7  impairment or combination of impairments can be found not severe only if the
8  evidence establishes a slight abnormality that has no more than a minimal effect on
9  an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.
10 1996) (internal quotation marks omitted). The claimant bears the burden of
11 demonstrating that an impairment is medically determinable and severe. *Valentine*
12 *v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

13       At step two the ALJ found Plaintiff's only medically determinable
14 impairment was polysubstance abuse, which had been in remission (and thus non-
15 severe) since February 2017. Tr. 18-19. The ALJ noted his significant reliance on
16 the testimony of Dr. Valette, who testified that while the record contained
17 diagnoses of PTSD, schizoaffective disorder, and schizophrenia, in her opinion the
18 diagnoses were unsupported by the record. Tr. 19-20, 34. The ALJ relied on Dr.
19 Valette's opinion that the record lacked the necessary objective findings, including
20 noting Plaintiff's normal mental status exams, his lack of psychiatric
21 hospitalizations, and the absence of any observations of his responding to internal
22 stimuli. Tr. 20, 34-37.

23       Plaintiff argues the ALJ should not have given great weight to Dr. Valette's
24 testimony because it was contradicted by the record, in that she incorrectly testified
25 there was no evidence of circumstantial thought processes and incorrectly found
26 mental status exams to be normal. ECF No. 13 at 7-11. Plaintiff further asserts the
27 ALJ improperly found mental health symptoms to be well-controlled, despite
28 Plaintiff's ongoing reports of symptoms even after achieving sobriety. *Id.* at 10-11.

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

Defendant argues Plaintiff merely offers an alternative interpretation of the record, and notes that substantial evidence supports the ALJ's findings and they must be given deference. ECF No. 15 at 5-8.

The Court finds the ALJ did not err in relying on Dr. Valette's testimony. "We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir.2006). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotes and citation omitted). Though Plaintiff identifies some findings that contradict Dr. Valette's opinion, the ALJ reasonably relied on the testimony of the medical expert at the hearing, and her testimony constitutes substantial evidence. The ALJ noted Dr. Valette reviewed the entire record, gave an explanation for her opinion, and had knowledge of Social Security programs. Tr. 21. He pointed to evidence that supported Dr. Valette's position. Tr. 22. Plaintiff's contrary citations do not negate the evidence in support of the ALJ's finding. "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). As the Ninth Circuit has noted:

> [F]ederal court review of social security determinations is limited. We disturb the Commissioner's decision to deny benefits "only if it is not supported by substantial evidence or is based on legal error." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995); *see also Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002). For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress "places a premium upon agency

> expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 621, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). Consequently, we leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record. *See* 42 U.S.C. § 405(g) (directing that the Commissioner's "findings ... as to any fact, if supported by substantial evidence, shall be conclusive."); *Andrews,* 53 F.3d at 1039.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). The Court therefore finds the ALJ's step two determination is supported by substantial evidence.

**2.    Rejection of medical opinion evidence**

Plaintiff alleges the ALJ improperly weighed the opinion evidence by rejecting the limitations and diagnoses established by the state agency reviewing doctors and Plaintiff's treating prescribers. ECF No. 13 at 12-18.

*a. State Agency Doctors*

At the initial and reconsideration stages of adjudication, Plaintiff's medical records were reviewed by non-treating, non-examining doctors employed by Social Security. Tr. 52-57, 64-69. The doctors found Plaintiff's severe impairments to include anxiety disorders, schizophrenic/other psychotic disorder, and substance addiction. Tr. 53, 65. They found he was limited to simple work and had some limitations on social interactions. Tr. 56, 68.

The ALJ gave these opinions little weight, noting them to be inconsistent with the longitudinal record showing no medically determinable impairments other than substance abuse, and accordingly gave greater weight to Dr. Valette. Tr. 22.

Plaintiff argues the ALJ offered an insufficient discussion, as he is required to do more than state his conclusions, and that he failed to address the rationale provided by the doctors in support of their findings. ECF No. 13 at 17-18. Defendant argues the ALJ reasonably explained why he assigned more weight to

Dr. Valette, and the fact that the record could support a contrary conclusion is insufficient to demonstrate legal error. ECF No. 15 at 14-15.

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). For the reasons discussed above, the Court finds the ALJ sufficiently discussed his rationale for assigning more weight to Dr. Valette and reasonably accepted her interpretation of the objective evidence in support of his step two finding. He therefore did not err in rejecting the state agency doctors' opinions in favor of another non-examining source.

*b. Dr. Chase and Dr. Widhalm, Pharm.D*

Plaintiff received mental health medication services from Comprehensive Healthcare, and was seen by two medication prescribers, Glen Chase and Aubrie Widhalm.[1] Tr. 269-70, 378-79. In October 2016, Dr. Chase completed paperwork for the state Department of Social and Health Services opining Plaintiff could spend no time working or engaging in any work-related activities, but opined his condition was not permanent and was expected to last for six months. Tr. 485-86. In May 2018, Dr. Widhalm wrote a letter noting Plaintiff's reports of intermittent hallucinations and paranoia interfered with his activities of daily living and opined that he was not able to care for his children on his own for long periods of time during the day. Tr. 491.

The ALJ gave Dr. Chase's opinion little weight, noting it contained little explanation, assessed only temporary restrictions, failed to address the impact of substance abuse, and was inconsistent with the longitudinal record. Tr. 22. The ALJ gave Dr. Widhalm's letter no weight, finding it did not address workplace

---

[1] Both providers are pharmacists, with a PharmD degree. Though the ALJ referred to them as "Dr. Chase" and "Dr. Widhalm," they are not acceptable medical sources as defined in the Social Security Act. 20 C.F.R. § 404.1502(a).

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

1  functioning and was based entirely on Plaintiff's self-reports, which were
2  unreliable. *Id.*
3      Plaintiff argues the ALJ erred in rejecting not only the limitations, but also
4  the assessed diagnoses of these treating providers. He argues the ALJ failed to
5  consider the extensive treatment relationships and numerous other factors that
6  supported their opinions. ECF No. 13 at 12-15. He further specifically argues that
7  Dr. Chase's opinion was adequately explained, and the record reflects he was
8  aware of Plaintiff's substance use, but the opinion was simply tailored to the
9  mental health problems. *Id.* at 15-16. With respect to Dr. Widhalm, Plaintiff argues
10 the ALJ was incorrect that the opinion was based entirely on Plaintiff's self-
11 reports, as there was an established treating relationship, and even though the letter
12 did not address workplace functioning, it was still relevant because the ALJ found
13 Plaintiff's allegations undermined by his childcare activities. *Id.* at 16-17.
14 Defendant argues the ALJ's rationale was sufficient for non-acceptable sources,
15 asserting he adequately considered all relevant factors and his interpretation of the
16 record is reasonable and owed deference. ECF No. 15 at 8-14.
17     An ALJ may discount the opinion of an "other source," such as a nurse
18 practitioner, if he provides "reasons germane to each witness for doing so." *Molina
19 v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court finds the ALJ pointed to
20 sufficient germane reasons for discounting each of these opinions.
21     An ALJ is not required to take medical opinions at face value, but may take
22 into account the quality of the explanation when determining how much weight to
23 give a medical opinion. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20
24 C.F.R. § 404.1527(c)(3). Whether a medical opinion is consistent with the record
25 as a whole is also a germane factor for an ALJ to consider in evaluating the weight
26 due to an "other source." 20 C.F.R. §§ 404.1527(c)(2)(4), 404.1527(f). Dr. Chase
27 provided little explanation for his assessed limitations, and the ALJ reasonably
28

relied on Dr. Valette's interpretation of the record in finding the assessed limits to be unsupported by the longitudinal record.

With respect to Dr. Widhalm, the ALJ reasonably found the letter did not discuss Plaintiff's work-related functions. Opinions that do not specify functional limitations are of limited use and reasonably discounted by an ALJ. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

The Court therefore finds the ALJ did not err in rejecting the opinions provided by Dr. Chase and Dr. Widhalm.

### 3. Plaintiff's symptom statements

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 13 at 18-21.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairment could have been reasonably expected to produce some of the alleged symptoms; however his statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 19. Specifically, the ALJ found Plaintiff's statements to be inconsistent with the objective findings and his contemporaneous reports to his providers, unsupported by his reports of few psychiatric symptoms and his

cessation of individual therapy, inconsistent with his high-functioning activities of daily living, and undermined by his weak work history. Tr. 20-21.

Plaintiff argues the ALJ's analysis of the objective evidence was incorrect, as discussed above. ECF No. 13 at 19. He further asserted his presentation at appointments was not inconsistent with his alleged social issues, and that his cessation of individual therapy did not include stopping all treatment as he continued to attend group therapy and medication management. *Id.* at 19-20. He additionally argues the ALJ failed to identify activities that actually contradicted Plaintiff's allegations, and his work history includes losing jobs for reasons related to his mental issues in addition to other factors. *Id.* 20-21. Defendant argues the ALJ reasonably interpreted the record and all of the factors considered were relevant and supported by substantial evidence. ECF No. 15 at 15-20.

The Court finds the ALJ did not err. Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity" of the claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). An ALJ may also consider the course and effectiveness of treatment, including improvement with medication. Social Security Ruling 16-3p. The ALJ reasonably considered the largely normal mental status exam findings and Plaintiff's reports to his counselors that his mental health symptoms were under control since achieving sobriety. Tr. 20-21.

An ALJ may also consider a claimant's work history. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly relied on the fact that claimant left his job because he was laid off, rather than because he was injured, in finding the claimant's statement unreliable); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (an ALJ's finding that the claimant had limited work history and "ha[d] shown little propensity to work in her lifetime" was a specific, clear, and convincing reason for discounting the claimant's testimony.). While Plaintiff

identifies his own reports that he lost certain jobs due to an inability to get along with others (Tr. 202), the ALJ reasonably considered other evidence indicating Plaintiff quit certain jobs due to reasons unrelated to his conditions. Tr. 21.

Finally, a claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found Plaintiff's allegations of disabling hallucinations and paranoia to the point of being unable to function multiple days per month were inconsistent with his ability to care for his six children. Tr. 21. The ALJ's interpretation of the record is reasonable, as the record contains numerous references to Plaintiff spending all day caring for his kids while his wife worked, including referring to caring for the children as "his job." Tr. 340, 374-77, 387, 414, 425-31.

The ALJ's conclusion that Plaintiff's allegations of disabling symptoms were unsubstantiated by the record is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 24, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 12